IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NLMK PENNSYLVANIA, LLC, a<br>Delaware limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:22-cv-1644 |
| | ) | |
| TOTEM STEEL INTERNATIONAL INC., | ) | |
| an Arizona corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, NLMK Pennsylvania, LLC ("NLMK") by and through its counsel, James J. Brink, Esq., and Steven C. Townsend, Esq., and files this Civil Complaint as follows:

## INTRODUCTION

1.    Plaintiff NLMK is engaged in the business of manufacturing and processing steel for resale to customers on the open market.

2.    Defendant Totem Steel International Inc. ("Totem") was a customer of NLMK and, as such, entered in a series of contracts to purchase steel from NLMK.

3.    As will be more fully set forth in this Civil Complaint, Totem breached the contracts it entered into with NLMK by failing to pay for steel that was sold and delivered to Totem or a designee of Totem.

JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 in that this action is a civil action between citizens of different states and the matter of controversy exceeds the amount of $75,000.00

5.      Venue is proper in the U.S. District Court for the Western District of Pennsylvania because NLMK maintains its principal place of business in Mercer County, Pennsylvania.  In addition, the contracts between the parties are deemed to have been entered into in Mercer County, Pennsylvania and the steel which was sold to Totem was manufactured in Mercer County, Pennsylvania.

Parties

6.      NLMK is a domesticated Delaware limited liability company and maintains its principal place of business in Pennsylvania at 15 Roemer Blvd., Farrell, PA 16121.

7.      NLMK is engaged in the business of manufacturing and processing coils of flat rolled steel for sale.

8.      Totem is an Arizona corporation with its principal place of business located at 6893 E. Cactus Wren Road, Paradise Valley, AZ 85253.  Upon information and belief, Totem is engaged in the business of purchasing coils of flat rolled steel for the purpose of re-selling them to its customers.

FACTS

9.      There are nine distinct contracts between NLMK and Totem. For purposes of clarity, each transaction will be identified by the NLMK invoice number and will be set forth separately.

A.    <u>Invoice No. 1369592 (July 30, 2021)</u>

10.    On or about April 1, 2021, Totem placed an order for flat rolled steel from NLMK.

11.    This order placed by Totem resulted in the issuance of an Order Acknowledgment by NLMK which included Terms and Conditions pursuant to which the transaction between Totem and NLMK would be conducted.

12.    The steel was shipped to a recipient designated by Totem on or about July 30, 2021, which resulted in the issuance of Invoice No. 1369592 by NLMK in the amount of $687,731.06.  The payment terms of set forth in the invoice are 1/2 % 10, Net 30, meaning that this entire amount would have been due on or before August 29, 2021.  Copies of the Order Acknowledgment and the invoice are attached hereto as Exhibit "A."

13.    The steel was accepted by Totem and no claim was made by Totem that the steel did not conform to the manufacturing requirements specified by Totem or that there were any quality issues pertaining to the shipment.

14.    Totem has acknowledged in statements made by Richard L. "JR" Meyers, its Chief Executive Officer, that the invoice was valid, that Totem did, in fact, owe the amount stated in the invoice, and that the payment of the invoiced amount was overdue.

15.    Totem made partial payments on this invoice, resulting in an unpaid balance due of $667,731.06, plus interest in the amount of $49,933.00, for a total amount due of $717,664.06.

B.     Invoice No. 1369593 (July 30, 2021)

16.    On or about April 1, 2021, Totem placed an order for flat rolled steel from NLMK.

17.    This order placed by Totem resulted in the issuance of an Order Acknowledgment by NLMK which included Terms and Conditions pursuant to which the transaction between Totem and NLMK would be conducted.

18.    The steel was shipped to a recipient designated by Totem on or about July 30, 2021, which resulted in the issuance of Invoice No. 1369593 by NLMK in the amount of $276,748.37.  The payment terms of set forth in the invoice are 1/2 % 10, Net 30, meaning that this entire amount would have been due on or before August 29, 2021.  Copies of the Order Acknowledgment and the invoice are attached hereto as Exhibit "B."

19.    The steel was accepted by Totem and no claim was made by Totem that the steel did not conform to the manufacturing requirements specified by Totem or that there were any quality issues pertaining to the shipment.

20.    Totem has acknowledged in statements made by Richard L. "JR" Meyers, its Chief Executive Officer, that the invoice was valid, that Totem did, in fact, owe the amount stated in the invoice, and that the payment of the invoiced amount was overdue.

21.    The unpaid balance due on this invoice is $276,748.37, plus interest in the amount of $20,695.00, for a total amount due of $297,443.37.

C.    Invoice No. 1369594 (July 30, 2021)

22.    On or about April 1, 2021, Totem placed an order for flat rolled steel from NLMK.

23.    This order placed by Totem resulted in the issuance of an Order Acknowledgment by NLMK which included Terms and Conditions pursuant to which the transaction between Totem and NLMK would be conducted.

24.    The steel was shipped to a recipient designated by Totem on or about July 30, 2021, which resulted in the issuance of Invoice No. 1369594 by NLMK in the amount of $581,740.42.  The payment terms of set forth in the invoice are 1/2 % 10, Net 30, meaning that this entire amount would have been due on or before August 29, 2021.  Copies of the Order Acknowledgment and the invoice are attached hereto as Exhibit "C."

25.    The steel was accepted by Totem and no claim was made by Totem that the steel did not conform to the manufacturing requirements specified by Totem or that there were any quality issues pertaining to the shipment.

26.    Totem has acknowledged in statements made by Richard L. "JR" Meyers, its Chief Executive Officer, that the invoice was valid, that Totem did, in fact, owe the amount stated in the invoice, and that the payment of the invoiced amount was overdue.

27.    The unpaid balance due on this invoice is $581,740.42, plus interest in the amount of $43,503.00, for a total amount due of $625,243.42.

D.      Invoice No. 1375223 (August 26, 2021)

28.     On or about April 1, 2021, Totem placed an order for flat rolled steel from NLMK.

29.     This order placed by Totem resulted in the issuance of an Order Acknowledgment by NLMK which included Terms and Conditions pursuant to which the transaction between Totem and NLMK would be conducted.

30.     The steel was shipped to a recipient designated by Totem on or about August 26, 2021, which resulted in the issuance of Invoice No. 1375223 by NLMK in the amount of $31,164.00.  The payment terms of set forth in the invoice are 1/2 % 10, Net 30, meaning that this entire amount would have been due on or before September 25, 2021.  Copies of the Order Acknowledgment and the invoice are attached hereto as Exhibit "D."

31.     The steel was accepted by Totem and no claim was made by Totem that the steel did not conform to the manufacturing requirements specified by Totem or that there were any quality issues pertaining to the shipment.

32.     Totem has acknowledged in statements made by Richard L. "JR" Meyers, its Chief Executive Officer, that the invoice was valid, that Totem did, in fact, owe the amount stated in the invoice, and that the payment of the invoiced amount was overdue.

33.     The unpaid balance due on this invoice is $31,164.00, plus interest in the amount of $2,209.00, for a total amount due of $33,373.00.

E.     Invoice No. 1375224 (August 26, 2021)

34.     On or about April 1, 2021, Totem placed an order for flat rolled steel from NLMK.

35.     This order placed by Totem resulted in the issuance of an Order Acknowledgment by NLMK which included Terms and Conditions pursuant to which the transaction between Totem and NLMK would be conducted.

36.     The steel was shipped to a recipient designated by Totem on or about August 26, 2021, which resulted in the issuance of Invoice No. 1375224 by NLMK in the amount of $33,185.02.  The payment terms of set forth in the invoice are 1/2 % 10, Net 30, meaning that this entire amount would have been due on or before September 25, 2021.  Copies of the Order Acknowledgment and the invoice are attached hereto as Exhibit "E."

37.     The steel was accepted by Totem and no claim was made by Totem that the steel did not conform to the manufacturing requirements specified by Totem or that there were any quality issues pertaining to the shipment.

38.     Totem has acknowledged in statements made by Richard L. "JR" Meyers, its Chief Executive Officer, that the invoice was valid, that Totem did, in fact, owe the amount stated in the invoice, and that the payment of the invoiced amount was overdue.

39.     The unpaid balance due on this invoice is $33,185.02, plus interest in the amount of $2,353.00, for a total amount due of $35,538.02.

F.     Invoice No. 1375642 (August 27, 2021)

40.     On or about April 1, 2021, Totem placed an order for flat rolled steel from NLMK.

41.     This order placed by Totem resulted in the issuance of an Order Acknowledgment by NLMK which included Terms and Conditions pursuant to which the transaction between Totem and NLMK would be conducted.

42.     The steel was shipped to a recipient designated by Totem on or about August 27, 2021, which resulted in the issuance of Invoice No. 1375642 by NLMK in the amount of $38,954.30.  The payment terms of set forth in the invoice are 1/2 % 10, Net 30, meaning that this entire amount would have been due on or before September 26, 2021.  Copies of the Order Acknowledgment and the invoice are attached hereto as Exhibit "F."

43.     The steel was accepted by Totem and no claim was made by Totem that the steel did not conform to the manufacturing requirements specified by Totem or that there were any quality issues pertaining to the shipment.

44.     Totem has acknowledged in statements made by Richard L. "JR" Meyers, its Chief Executive Officer, that the invoice was valid, that Totem did, in fact, owe the amount stated in the invoice, and that the payment of the invoiced amount was overdue.

45.     The unpaid balance due on this invoice is $38,954.30, plus interest in the amount of $2,756.00, for a total amount due of $41,710.30.

G.      Invoice No. 1375733 (August 28, 2021)

46.     On or about April 1, 2021, Totem placed an order for flat rolled steel from NLMK.

47.     This order placed by Totem resulted in the issuance of an Order Acknowledgment by NLMK which included Terms and Conditions pursuant to which the transaction between Totem and NLMK would be conducted.

48.     The steel was shipped to a recipient designated by Totem on or about August 28, 2021, which resulted in the issuance of Invoice No. 1375733 by NLMK in the amount of $67,116.48.  The payment terms of set forth in the invoice are 1/2 % 10, Net 30, meaning that this entire amount would have been due on or before September 27, 2021.  Copies of the Order Acknowledgment and the invoice are attached hereto as Exhibit "F."

49.     The steel was accepted by Totem and no claim was made by Totem that the steel did not conform to the manufacturing requirements specified by Totem or that there were any quality issues pertaining to the shipment.

50.     Totem has acknowledged in statements made by Richard L. "JR" Meyers, its Chief Executive Officer, that the invoice was valid, that Totem did, in fact, owe the amount stated in the invoice, and that the payment of the invoiced amount was overdue.

51.     The unpaid balance due on this invoice is $67,116.48, plus interest in the amount of $4,739.00, for a total amount due of $71,855.48.

H.     Invoice No. 1375775 (August 28, 2021)

52.     On or about April 1, 2021, Totem placed an order for flat rolled steel from NLMK.

53.     This order placed by Totem resulted in the issuance of an Order Acknowledgment by NLMK which included Terms and Conditions pursuant to which the transaction between Totem and NLMK would be conducted.

54.     The steel was shipped to a recipient designated by Totem on or about August 28, 2021, which resulted in the issuance of Invoice No. 1375775 by NLMK in the amount of $67,901.79.  The payment terms of set forth in the invoice are 1/2 % 10, Net 30, meaning that this entire amount would have been due on or before September 27, 2021.  Copies of the Order Acknowledgment and the invoice are attached hereto as Exhibit "F."

55.     The steel was accepted by Totem and no claim was made by Totem that the steel did not conform to the manufacturing requirements specified by Totem or that there were any quality issues pertaining to the shipment.

56.     Totem has acknowledged in statements made by Richard L. "JR" Meyers, its Chief Executive Officer, that the invoice was valid, that Totem did, in fact, owe the amount stated in the invoice, and that the payment of the invoiced amount was overdue.

57.     The unpaid balance due on this invoice is $67,901.79, plus interest in the amount of $4,795.00, for a total amount due of $72,696.79.

10

I.    Invoice No. 1376049 (August 30, 2021)

58.    On or about April 1, 2021, Totem placed an order for flat rolled steel from NLMK.

59.    This order placed by Totem resulted in the issuance of an Order Acknowledgment by NLMK which included Terms and Conditions pursuant to which the transaction between Totem and NLMK would be conducted.

60.    The steel was shipped to a recipient designated by Totem on or about August 30, 2021, which resulted in the issuance of Invoice No. 1376049 by NLMK in the amount of $35,696.45.  The payment terms of set forth in the invoice are 1/2 % 10, Net 30, meaning that this entire amount would have been due on or before September 29, 2021.  Copies of the Order Acknowledgment and the invoice are attached hereto as Exhibit "F."

61.    The steel was accepted by Totem and no claim was made by Totem that the steel did not conform to the manufacturing requirements specified by Totem or that there were any quality issues pertaining to the shipment.

62.    Totem has acknowledged in statements made by Richard L. "JR" Meyers, its Chief Executive Officer, that the invoice was valid, that Totem did, in fact, owe the amount stated in the invoice, and that the payment of the invoiced amount was overdue.

63.    The unpaid balance due on this invoice is $35,696.45, plus interest in the amount of $2,510.00, for a total amount due of $38,206.45.

CLAIMS FOR RELIEF

COUNT I:  BREACH OF CONTRACT

64.    NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

65.    The failure to pay the amount of $717,664.06 as specifically averred in Paragraph 15 herein constitutes an express and intentional breach by Totem of its contract to pay for steel purchased from NLMK.

66.    This breach of contract by Totem directly resulted in a loss to NLMK in the amount of $717,664.06.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $717,664.06 to NLMK as a result of its express breach of the contract with NLMK described in this Count I;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

COUNT II:  BREACH OF CONTRACT

67.    NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

68.    The failure to pay the amount of $297,443.37 as specifically averred in Paragraph 21 herein constitutes an express and intentional breach by Totem of its contract to pay for steel purchased from NLMK.

69.    This breach of contract by Totem directly resulted in a loss to NLMK in the amount of $297,443.37.

WHEREFORE, NLMK prays for judgment against Totem as follows:

12

(a) That Totem shall pay the amount of $297,443.37 to NLMK as a result of its express breach of the contract with NLMK described in this Count II;

(b) Costs, interest, and attorneys' fees; and

(c) Such other further relief as the Court may deem just and proper.

<u>COUNT III:  BREACH OF CONTRACT</u>

70.     NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

71.     The failure to pay the amount of $625,243.42 as specifically averred in Paragraph 27 herein constitutes an express and intentional breach by Totem of its contract to pay for steel purchased from NLMK.

72.     This breach of contract by Totem directly resulted in a loss to NLMK in the amount of $625,243.42.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a) That Totem shall pay the amount of $625,243.42 to NLMK as a result of its express breach of the contract with NLMK described in this Count III;

(b) Costs, interest, and attorneys' fees; and

(c) Such other further relief as the Court may deem just and proper.

<u>COUNT IV:  BREACH OF CONTRACT</u>

73.     NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

74.     The failure to pay the amount of $33,373.00 as specifically averred in Paragraph 33 herein constitutes an express and intentional breach by Totem of its contract to pay for steel purchased from NLMK.

75.     This breach of contract by Totem directly resulted in a loss to NLMK in the amount of $33,373.00.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $33,737.00 to NLMK as a result of its express breach of the contract with NLMK described in this Count IV;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>COUNT V:  BREACH OF CONTRACT</u>

76.     NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

77.     The failure to pay the amount of $35,538.02 as specifically averred in Paragraph 39 herein constitutes an express and intentional breach by Totem of its contract to pay for steel purchased from NLMK.

78.     This breach of contract by Totem directly resulted in a loss to NLMK in the amount of $35,538.02.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $35,538.02 to NLMK as a result of its express breach of the contract with NLMK described in this Count V;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

14

## COUNT VI:  BREACH OF CONTRACT

79.    NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

80.    The failure to pay the amount of $38,954.30 as specifically averred in Paragraph 45 herein constitutes an express and intentional breach by Totem of its contract to pay for steel purchased from NLMK.

81.    This breach of contract by Totem directly resulted in a loss to NLMK in the amount of $38,954.30.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $38,954.30 to NLMK as a result of its express breach of the contract with NLMK described in this Count VI;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

## COUNT VII:  BREACH OF CONTRACT

82.    NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

83.    The failure to pay the amount of $71,855.48 as specifically averred in Paragraph 51 herein constitutes an express and intentional breach by Totem of its contract to pay for steel purchased from NLMK.

84.    This breach of contract by Totem directly resulted in a loss to NLMK in the amount of $71,855.48.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $71,855.48 to NLMK as a result of

its express breach of the contract with NLMK described in this Count VII;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>COUNT VIII:  BREACH OF CONTRACT</u>

85.    NLMK restates the foregoing numbered paragraphs as if fully set

forth herein.

86.    The failure to pay the amount of $72,696.79 as specifically averred

in Paragraph 57 herein constitutes an express and intentional breach by Totem

of its contract to pay for steel purchased from NLMK.

87.    This breach of contract by Totem directly resulted in a loss to NLMK

in the amount of $72,696.79.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $72,696.79 to NLMK as a result of

its express breach of the contract with NLMK described in this Count VIII;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>COUNT IX:  BREACH OF CONTRACT</u>

88.    NLMK restates the foregoing numbered paragraphs as if fully set

forth herein.

89.    The failure to pay the amount of $38,206.45 as specifically averred

in Paragraph 63 herein constitutes an express and intentional breach by Totem

of its contract to pay for steel purchased from NLMK.

16

90.     This breach of contract by Totem directly resulted in a loss to NLMK in the amount of $38,206.45.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $38,206.45 to NLMK as a result of its express breach of the contract with NLMK described in this Count IX;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

## COUNT X:  CONVERSION

91.     NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

92.     The steel shipped to Totem relating to the transaction described in Paragraphs 10 through 15 herein weighed 853,900 pounds, or 426 tons.

93.     Totem received this steel, accepted it without limitation, and converted it to its own use.

94.     NLMK has been intentionally deprived of its property, i.e, the manufactured steel, and its use and possession of such property without its consent and without justification as a direct result of Totem's refusal to pay for the steel it received.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $717,664.06 to NLMK as a result of its conversion of the property of NLMK described in this Count X;

17

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>COUNT XI:  CONVERSION</u>

95.    NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

96.    The steel shipped to Totem relating to the transaction described in Paragraphs 16 through 21 herein weighed 335,290 pounds, or 167 tons.

97.    Totem received this steel, accepted it without limitation, and converted it to its own use.

98.    NLMK has been intentionally deprived of its property, i.e, the manufactured steel, and its use and possession of such property without its consent and without justification as a direct result of Totem's refusal to pay for the steel it received.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $297,443.37 to NLMK as a result of its conversion of the property of NLMK described in this Count XI;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>COUNT XII:  CONVERSION</u>

99.    NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

100.   The steel shipped to Totem relating to the transaction described in Paragraphs 22 through 27 herein weighed 722,300 pounds, or 361 tons.

18

101.   Totem received this steel, accepted it without limitation, and converted it to its own use.

102.   NLMK has been intentionally deprived of its property, i.e, the manufactured steel, and its use and possession of such property without its consent and without justification as a direct result of Totem's refusal to pay for the steel it received.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $625,243.42 to NLMK as a result of its conversion of the property of NLMK described in this Count XII;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>COUNT XIII:  CONVERSION</u>

103.   NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

104.   The steel shipped to Totem relating to the transaction described in Paragraphs 28 through 33 herein weighed 40,210 pounds, or 20 tons.

105.   Totem received this steel, accepted it without limitation, and converted it to its own use.

106.   NLMK has been intentionally deprived of its property, i.e, the manufactured steel, and its use and possession of such property without its consent and without justification as a direct result of Totem's refusal to pay for the steel it received.

WHEREFORE, NLMK prays for judgment against Totem as follows:

19

(a)  That Totem shall pay the amount of $33,373.00 to NLMK as a result of its conversion of the property of NLMK described in this Count XIII;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>COUNT XIV:  CONVERSION</u>

107.   NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

108.   The steel shipped to Totem relating to the transaction described in Paragraphs 34 through 39 herein weighed 42,680 pounds, or 21 tons.

109.   Totem received this steel, accepted it without limitation, and converted it to its own use.

110.   NLMK has been intentionally deprived of its property, i.e, the manufactured steel, and its use and possession of such property without its consent and without justification as a direct result of Totem's refusal to pay for the steel it received.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $35,538.02 to NLMK as a result of its conversion of the property of NLMK described in this Count XIV;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>COUNT XV:  CONVERSION</u>

111.   NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

112.   The steel shipped to Totem relating to the transaction described in Paragraphs 40 through 45 herein weighed 50,100 pounds, or 25 tons.

113.   Totem received this steel, accepted it without limitation, and converted it to its own use.

114.   NLMK has been intentionally deprived of its property, i.e, the manufactured steel, and its use and possession of such property without its consent and without justification as a direct result of Totem's refusal to pay for the steel it received.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $41,710.30 to NLMK as a result of its conversion of the property of NLMK described in this Count XV;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

COUNT XVI:  CONVERSION

115.   NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

116.   The steel shipped to Totem relating to the transaction described in Paragraphs 46 through 51 herein weighed 86,320 pounds, or 43 tons.

117.   Totem received this steel, accepted it without limitation, and converted it to its own use.

118.   NLMK has been intentionally deprived of its property, i.e, the manufactured steel, and its use and possession of such property without its

consent and without justification as a direct result of Totem's refusal to pay for the steel it received.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $71,855.48 to NLMK as a result of its conversion of the property of NLMK described in this Count XVI;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>COUNT XVII:  CONVERSION</u>

119.   NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

120.   The steel shipped to Totem relating to the transaction described in Paragraphs 52 through 57 herein weighed 87,330 pounds, or 43 tons.

121.   Totem received this steel, accepted it without limitation, and converted it to its own use.

122.   NLMK has been intentionally deprived of its property, i.e, the manufactured steel, and its use and possession of such property without its consent and without justification as a direct result of Totem's refusal to pay for the steel it received.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $72,696.79 to NLMK as a result of its conversion of the property of NLMK described in this Count XVII;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

22

## COUNT XVIII:  CONVERSION

123.   NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

124.   The steel shipped to Totem relating to the transaction described in Paragraphs 58 through 63 herein weighed 45,910 pounds, or 22 tons.

125.   Totem received this steel, accepted it without limitation, and converted it to its own use.

126.   NLMK has been intentionally deprived of its property, i.e, the manufactured steel, and its use and possession of such property without its consent and without justification as a direct result of Totem's refusal to pay for the steel it received.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $38,206.45 to NLMK as a result of its conversion of the property of NLMK described in this Count XVIII;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

## COUNT XIX:  UNJUST ENRICHMENT

127.   NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

128.   Totem as acquired the benefit of retaining, selling or otherwise profiting from NLMK's property, i.e., the manufactured steel described throughout this Civil Complaint, at NLMK's expense.

129.   Allowing Totem to retain the benefit of the use of NLMK's property, or the proceeds derived therefrom, without paying NLMK the value of such property would be inequitable.

WHEREFORE, NLMK prays for judgment against Totem as follows:

(a)  That Totem shall pay the amount of $1,933,730.89 to NLMK as a result of its conversion of the property of NLMK described in this Count XIX;

(b)  Costs, interest, and attorneys' fees; and

(c)  Such other further relief as the Court may deem just and proper.

<u>SUMMARY</u>

130.   NLMK restates the foregoing numbered paragraphs as if fully set forth herein.

131.   The total amount due to NLMK directly attributable to the express breach of the series of contracts or any other cause of action contained herein by Totem is $1,800,237.89.

132.   In addition, Totem was contractually liable to pay NLMK interest on amounts not paid within the terms of each invoice, which is 30 days.

133.   The amount of unpaid interest due to NLMK as a result of the express breach of the series of contracts detailed herein by Totem is $133,493.00

134.   The total amount due to NLMK based on the direct breach of the series of contracts or any other cause of action contained herein by Totem is $1,933,730.89.

24

JURY TRIAL DEMANDED

Respectfully submitted,

BRINK LAW OFFICES, P.C.

By

/s James J. Brink                          / Steven C. Townsend
James J. Brink, Esq.                       Steven C. Townsend, Esq.
PA ID No. 61690                            PA ID No. 89263
Attorney for the NLMK                      Attorney for the NLMK
Pennsylvania, LLC                          Pennsylvania, LLC

BRINK LAW OFFICES, P.C.                     EDDY, TOWNSEND, GRAVINA &
James J. Brink, Esq.                        BENDIK
Pa. I.D. No. 61690                          Steven C. Townsend, Esq.
429 Fourth Ave., Ste. 601                   564 Forbes Ave., Penthouse
Pittsburgh, PA 15219                        Pittsburgh, PA 15219
(412) 227-0961                              (412) 281-5336
(412) 227-0964 (fax)                        (412) 281-3537
james.brink@icloud.com                      stownsend@pghlaw.com